■ In the Matter of JAMES MORGAN, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— In a proceeding pursuant to CPLR article 78 to annul respondent's determination suspending petitioner's driver's license for 60 days for a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law, petition granted to the extent that the determination is modified by reducing the period of suspension to 10 days, with credit for the time the license was heretofore detained by respondent, and determination confirmed as so modified, without costs. While it may not be said, on this record, that the determination was unsupported by substantial evidence (cf. Matter of Wattecamps v. Hults, 13 A D 2d 1009; Matter of Kmiecik v. Hults, 9 A D 2d 1010), we believe that under all the circumstances suspension of petitioner's license for 60 days was not warranted. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of the Estate of MOE WOLF, Deceased. JACOB SHIENTAG et al., as Executors of MOE WOLF, Deceased, Appellants; JOHN BENEDETTO, Doing Business as ATLANTIC BEACH LANDSCAPE GARDENING CO., Respondent.— In a proceeding by the executors to settle their final account, order of the Surrogate's Court, Nassau County, dated May 9, 1967, which denied the executors' application for approval of their rejection of respondent's claim, affirmed, with costs to respondent, payable out of the estate. In our opinion, respondent established the oral agreement for landscaping work and for installation of the driveway and patio at the agreed price of $1,200 by clear and convincing evidence; and, accordingly, was entitled, upon completion of the work, to recover the unpaid balance of $1,000. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.